# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BAILEY METALS, LLC**                                                             **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO.: 4:08-CV-00153-P-S**

**SUPERIOR BOAT WORKS,**
**SHILLING ENTERPRISES, LLC,**
**AND FEDERAL INSURANCE CO.**                                 **DEFENDANTS**

## ORDER

This matter is before the court on motion of Frank Dantone, Esq. to quash or modify a subpoena to testify at a deposition or to produce documents, or, in the alternative, for a protective order (# 40). After considering the motion and the response thereto, the court finds as follows:

On August 3, 2009, the plaintiff issued a subpoena for the deposition of and production of documents by Frank Dantone, counsel for Superior Boat Works in *Schilling Enterprises v. Superior Boat Works, Inc., et al.*, civil action number 4:04cv343-D-B. On August 14, 2009, Mr. Dantone filed the present motion to quash. Because Mr. Dantone filed the motion to quash eleven days after the plaintiff served the subpoena, there has been no waiver of privilege based on the timeliness of his objection.

Mr. Dantone's privilege log shows the documents are being withheld pursuant to the attorney-client privilege and work product doctrine. Mr. Dantone's privilege log reveals detailed dates and descriptions of the documents/communications and the source of the privilege.

Pursuant to Rule 501 of the Federal Rules of Evidence, this court looks to Mississippi law to determine matters related to the attorney-client privilege. Rule 502 of the Mississippi Rules of Evidence provides that a client has the privilege to refuse to disclose any confidential communications made "for the purpose of facilitating the rendition of professional legal services to the client." Miss. R. Evid. 502(b). This rule has been interpreted broadly by the Mississippi Supreme Court, recognizing that "the privilege relates to and covers all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client." *Jackson Medical Clinic for Women v. Moore*, 836 So. 2d 767, 771 (Miss. 2003). Additionally, the attorney at the time of the communication has a presumed authority to claim the privilege on behalf of the client. Miss. R. Evid. 502(c).

Mr. Dantone also relies on the work product doctrine, which protects, among other things, a lawyer's research, analysis, legal theories, mental impression, notes and memoranda of witnesses' statements prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). Like the attorney-client privilege, courts have also construed the work product doctrine in favor of protection rather than production. *See Hewes v. Langston*, 853 So. 2d 1237, 1245-46 (Miss. 2003). Based on this broad interpretation of the privilege and the work product doctrine, the court is of the opinion that Mr. Dantone's records are privileged and where noted on the privilege log, qualify as work product under Rule 26(b)(3). While the plaintiff argues that correspondence between Mr. Dantone and Superior's present counsel are not privileged because Mr. Dantone does not represent Superior in the present case, the privilege log makes it clear that Mr. Dantone was communicating with representatives of Superior as their counsel, discussing matters related to his prior representation both during and shortly after the conclusion of the appellate process.

That being said, the court does find that a simple invoice ordinarily is not privileged, but a detailed, itemized legal bill may reveal confidential information and thus fall within the privilege. *Hewes v. Langston*, 853 So.2d 1237, 1249 (Miss. 2003) (holding that some bills, statements, and time records can fall within the work product privilege). Consequently, the billing records sought and described in paragraphs 1 and 2 at page 3 of the plaintiff's response should be produced subject to redaction. In other words, the billing records shall be produced with any confidential information redacted.

Because the court finds the documents sought are privileged, it must also address an exception to the privilege, the crime-fraud exception. The plaintiff argues that should the court find the documents privileged, the crime-fraud exception applies. In support of their argument, the plaintiffs suggest that Mr. Dantone, along with numerous others, was aware of information related to the logistics of raising a sunken casino barge but failed to inform the plaintiffs before accepting the plaintiff's bid to raise the barge. The party seeking to apply this exception carries the burden of establishing: (1) a prima facie showing that a crime or fraud has been committed, and (2) that the privileged information bears a relationship to the alleged crime or fraud. Mere allegations of fraud are not sufficient to break the privilege. *Ward v. Succession of Freeman,* 854 F.2d 780, 790 (5th Cir. 1988). The plaintiff has offered only speculation that fraud may have occurred. Specifically, the plaintiff suggests that "the only reasonable explanation for why not one of those with information about the September 2007 survey or the additional ballast ever provided that information to Bailey Metals is that they were engaged in a fraudulent scheme to hide that information from Bailey metals in an effort to obtain an unreasonably-low price for removing the sunken wreck." Such speculation is not sufficient to overcome the burden set forth

by the Fifth Circuit, and thus, the court finds the plaintiff has not met its burden under the crime-fraud exception.

Mr. Dantone has sufficiently asserted the attorney-client privilege and invoked the work product doctrine with regard to the requested documents, subject to the exception of redacted items (1) and (2) listed above.

IT IS, THEREFORE, ORDERED that the motion of Frank Dantone, Esq. to quash or modify a subpoena to testify at a deposition or to produce documents, or, in the alternative, for a protective order (# 40) is GRANTED IN PART AND DENIED IN PART. Mr. Dantone is still subject to the subpoena to testify at the deposition, but the subpoena to produce documents discussed *supra* is hereby quashed with respect to all documents sought except the redacted billing records. If follows, of course, that Mr. Dantone need not answer questions seeking privileged information sought via the subject subpoena.

SO ORDERED, this the 25th day of August 2009.

/s/David A. Sanders
U.S. MAGISTRATE JUDGE