**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BAILEY METALS, LLC**                                                             **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 4:08CV153-P-S**

**SUPERIOR BOAT WORKS, SCHILLING
ENTERPRISES, LLC, AND FEDERAL
INSURANCE CO.**                                                            **DEFENDANTS**

**ORDER**

      This cause is before the Court on the plaintiff's Appeal of Magistrate Judge David A Sanders' August 25, 2009 Order [52] granting Frank Dantone's Motion to Quash or Modify Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action or, in the Alternative, for Protective Order. The Court, having reviewed the objections, the response thereto, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

      An appeal from a magistrate's ruling on a non-dispositive motion, pursuant to the authority granted in 28 U.S.C. § 636(b)(1), is considered under the "clearly erroneous" standard. This standard has been described as "extremely deferential." Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D.Minn.1999). Under the "clearly erroneous" standard, the district court cannot disturb a factual finding of the magistrate judge "unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Smith v. Smith, 154 F.R.D. 661, 665 (N.D. Tex. 1994)(quoting Resolution Trust Corporation v. Sands, 151 F.R.D. 616, 619 (N.D.Tex.1993)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety," the district judge may not

reverse it.  Id.  When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions.  Id.

Bailey Metals attacks the Magistrate's conclusion that the materials sought in the August 3, 2009 subpoena were not subject to production inasmuch as they were either: 1) privileged attorney client communications or 2) protected from disclosure pursuant to the attorney work product doctrine.  Moreover, plaintiff argues that Magistrate Sanders applied an erroneous legal standard and erred factually when he concluded that the plaintiff had not met the threshold showing necessary to invoke the crime-fraud exception to the attorney-client privilege and attorney work product doctrines.  Bailey Metals likewise urges that, at the very least, it offered sufficient evidence to warrant an in camera review of the requested materials.

Frank Dantone (the proponent of the Motion to Quash) and the named defendants responded to plaintiff's objections.  As an initial matter, they point out that the plaintiff's appeal was untimely under Federal Rule of Civil Procedure 72(d) and they urge the Court to dismiss the appeal on that ground.[1]  In the alternative, they contend the Court should affirm Magistrate Judge Sanders' decision on the merits because it was eminently correct–both legally and factually.

After a careful review of the record before the Court, the undersigned concludes that the plaintiff's appeal from Magistrate Sanders' August 25, 2009 Order was untimely and should be

---

[1] Mr. Dantone and the defendants are correct in arguing the plaintiff's appeal was filed in an untimely manner.  Magistrate Sanders' entered his Order on August 25, 2009.  Plaintiff had ten days, exclusive of weekends and legal holidays, in which to file an appeal from Judge Sanders' decision.  In addition, because the Order was served by means of CM/ECF, plaintiff was entitled to three additional calendar days (to be added at the end of the ten day period).  Accordingly, the deadline fell on September 12, 2009.  Because September 12 was a Saturday, plaintiff had until Monday, September 14, 2009 to file his appeal.  Bailey Metals did not file its appeal until the following day–September 15, 2009.

dismissed on that basis. Out of an abundance of caution, however, the Court has considered the merits of Bailey Metals' arguments and concludes that the magistrate's decision was proper in every respect. As it is not evident that the Order was either clearly erroneous or contrary to law, it should be affirmed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's objections to Magistrate Judge Sanders' August 25, 2009 Order should be, and hereby are, OVERRULED. IT IS FURTHER ORDERED that said Order should be, and hereby is, AFFIRMED in its entirety.

SO ORDERED, this the 31st day of January, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE